IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-80-BO

| | |
|---|---|
| GARY L. SWANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| ALEX KING & KING MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II. DE 7. Plaintiff has filed objections to the M&R [DE 8, 9], and the matter is ripe for review. Plaintiff also moves to amend in his objections. For the reasons discussed below, the Court adopts the M&R in part, allows plaintiff to proceed IFP, dismisses plaintiff's complaint, and denies plaintiff's motion to dismiss.

## BACKGROUND

The pleadings in action contain very little information, but plaintiff alleges that defendants violated his rights by discriminating against him under the Fair Housing Act (FHA). DE 1-1, 6. Plaintiff also accused defendant Alex King of locking him out of his home and accusing him of breaking and entering. DE 6. Plaintiff seeks $90,000 from defendants for their allegedly wrongful conduct. DE 1-1, 4.

## DISCUSSION

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need

not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). The district court is only required to make a de novo determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, plaintiff has filed objections, although they add little substantive support for his claim. Plaintiff objects to Judge Numbers's recommendation that the Court deny plaintiff's request to proceed in forma pauperis, stating that Judge Numbers misread the request. He also lists several case names and asserts additional violations of the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendments against the previously-unnamed defendant State of North Carolina. Plaintiff also appears to assert an intentional infliction of emotional distress (IIED) claim against the previously-unnamed defendant Hutchens Law Firm, LLP.

*Memorandum & Recommendation*

Plaintiff first objects to Judge Numbers's recommendation that the Court deny plaintiff's request to proceed in forma pauperis, stating that Judge Numbers misread the request. Although plaintiff stated in his request that he received $17,666.000 per month from unemployment payments, he states in his objection that he actually received $16,777.00 for the entire tax year of 2020 from the N.C. Department of Employment Security. The Court allows this alteration as a correction of a typographical error. The Court finds that plaintiff's lack of income entitled him to in forma pauperis status. Therefore, plaintiff's request to proceed in forma pauperis is granted.

To the extent that plaintiff objects to Judge Numbers's recommendation that plaintiff's claim be dismissed for failure to state a claim, the Court considers plaintiff's FHA claim. The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny,

a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). Plaintiff alleged discrimination because of his disability in his complaint, but he does not provide any factual support of his complaint in either his complaint or his objection. Therefore, plaintiff has failed to plead sufficient facts demonstrating a plausible claim that defendant discriminated against him on the basis of his disability. *See Lewis v. Bent*, No. 4:16-CV-79-FL, 2018 U.S. Dist. LEXIS 150827, at *11 (E.D.N.C. Sept. 5, 2018) (finding that plaintiff's race discrimination claims failed when the complaint only included "unsupported and conclusory allegations"); *Ashcroft v. Iqbal*, 556 U.S. 662, 694 (2009) (holding that allegations of discriminatory that are conclusory "are not entitled to be assumed true") (internal quotations omitted); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert denied*, 540 U.S. 940 (2003) ("[W]hile a plaintiff is not charged with pleadings facts sufficient to prove [his] case, as an evidentiary matter, in [his] complaint, a plaintiff is required to allege facts that support a claim for relief."). Plaintiff appears to object to Judge Numbers's application of *Ashcroft* to this case, stating that it is a "'corporate' Supreme Court case." However, *Ashcroft* sets forth the standard for evaluating the sufficiency of a pleading, and it has been consistently applied to even *pro se* plaintiffs. *See, e.g., Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 775–76 (E.D.N.C. 2011). Therefore, Judge Numbers's M&R dismissing plaintiff's claim for failure to state claim is granted.

*Motions to Amend*

In his objections to the M&R, plaintiff also appears to be moving to amend. In his second objection, he includes a proposed complaint. He asserts additional claims of violations of his Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth and Fourteenth Amendment rights against the previously unnamed defendant State of North Carolina. Plaintiff

3

also appears to assert an intentional infliction of emotional distress (IIED) claim against the previously-unnamed defendant Hutchens Law Firm, LLP.

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or with leave of the court. Fed. R. Civ. P. 15(a)(1)–(2). *Id.* at 15(2). Further, Rule 15 directs that leave to amend be freely given when justice requires. "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft*, 556 U.S. at 678. A complaint must be dismissed

4

Case 7:21-cv-00080-BO   Document 11   Filed 08/27/21   Page 4 of 9

if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The Court finds that plaintiff's attempt to amend his complaint would be futile because plaintiff's claims fail as a matter of law. The Court notes that while plaintiff is pro se, he is a frequent litigator who should know how to comply with the standard for stating a facially-plausible claim for relief. First, plaintiff asserts a Third Amendment claim. The Third Amendment prohibits the quartering of a soldier in a house during peacetime without the owner's consent. U.S. Const. amend. III. The Court discerns no allegations respecting the peacetime quartering of troops in plaintiff's home. Therefore, plaintiff has not stated a right to recover under the Third Amendment.

Second, plaintiff asserts a Fourth Amendment claim. The Fourth Amendment is "wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official.'" *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)). In support of his Fourth Amendment claim, plaintiff mostly relies on the conduct of Mr. King, who is a private citizen. There is no allegation that Mr. King was acting on the part of the government. Mr. King's behavior thus cannot be his basis for a Fourth Amendment claim. However, plaintiff does allege that Mr. King paid the Wilmington Police Department to enter his house without a search warrant. This allegation is

5

incoherent and unspecific. This cannot serve as the basis for a Fourth Amendment claim. Therefore, plaintiff has not stated a right to recover under the Fourth Amendment.

Third, plaintiff asserts a Fifth Amendment claim. The Fifth Amendment states that no one shall "be deprived of life, liberty, or property, without due process of law" and that "private property [will not] be taken for public use, without just compensation." The basis for plaintiff's Fifth Amendment claim appears to be that he was "deprived of his 'Personal Property' by Mr King Title Owner by Non-Judicial Foreclosure" during the COVID-19 pandemic. DE 9 at 2. The Fifth Amendment restricts only governmental action, and not the actions of private entities. *Pu. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952). Since the conduct underlying plaintiff's Fifth Amendment claim appears to be private action, and plaintiff does not allege that Mr. King was acting on behalf of the government, plaintiff cannot bring a Fifth Amendment claim. Plaintiff also alleges that the State of North Carolina deprived him of finds from July 8, 2019 to April 2020. It is unclear what funds plaintiff is even referring to or how he was deprived of these funds. This allegation cannot serve as the basis for a Fifth Amendment claim. Therefore, plaintiff has not stated a right to recover under the Fifth Amendment.

Fourth, plaintiff asserts a Sixth Amendment claim. The Sixth Amendment provides certain rights to the accused in criminal prosecutions, such as the right to a speedy and public trial and the right to be informed of the nature and cause of the accusation. U.S. Const. amend. VI. However, the Court discerns no allegation that plaintiff was involved in a criminal prosecution or denied of any right provided by the Sixth Amendment in such a criminal prosecution. Therefore, plaintiff has not stated a right to recover under the Sixth Amendment.

Fifth, defendant asserts a Seventh Amendment claim. The Seventh Amendment provides a right to a jury in civil cases arising from common law. U.S. Const. amend. VII. The Court

discerns no allegations that plaintiff was denied a jury trial in a case arising under common law. Therefore, plaintiff has not stated a right to recover under the Seventh Amendment.

Sixth, defendant asserts an Eighth Amendment claim. The Eighth Amendment serves only as a source of protection in post-conviction claims of excessive force. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Here, there is no conviction or allegation of a conviction. Therefore, plaintiff has not stated a right to recover under the Eighth Amendment.

Seventh, defendant asserts a Ninth Amendment claim. "[T]he Ninth Amendment creates no constitutional rights." *Wohlford v. U.S. Dep't of Agric.*, 842 F.2d 1293, 1293 (4th Cir. 1988). "The ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Wesley v. Charlotte-Mecklenburg Cty. Police Dep't*, No. 3:19-cv-00425-FDW-DCK, 2021 U.S. Dist. LEXIS 92994, at *12 (W.D.N.C. May 17, 2021) (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986)). Plaintiff cannot pursue a claim under the Ninth Amendment. Therefore, plaintiff has not stated a right to recover under the Ninth Amendment.

Eighth, defendant asserts a Tenth Amendment claim. The Tenth Amendment disclaims any reservation of a power delegated to Congress to the States. U.S. Const. amend. X. The Court does not see how it could apply here to afford plaintiff any relief. Therefore, plaintiff has not stated a right to recover under the Tenth Amendment.

Ninth, defendant asserts an Eleventh Amendment claim. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment provides the State of North Carolina with a potential defense against suit, but it does not provide plaintiff with a

7

Case 7:21-cv-00080-BO   Document 11   Filed 08/27/21   Page 7 of 9

potential source of relief. Therefore, plaintiff has not stated a right to recover under the Eleventh Amendment.

Tenth, defendant asserts a Thirteenth Amendment claim. The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. This Amendment was created "to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (quoting *Butler v. Perry*, 240 U.S. 328, 332 (1916)); *see also Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 999 (3d Cir. 1993) ("Modern day examples of involuntary servitude have been limited to labor camps, isolated religious sects, or forced confinement."). Plaintiff does not allege anything close to this standard. Therefore, plaintiff has not stated a right to recover under the Thirteenth Amendment.

Finally, plaintiff asserts a Fourteenth Amendment claim. He alleges in his complaint that he wanted his due process under the Fourth Amendment. However, he does not allege how his Fourteenth Amendment right to due process was violated or provide any factual support for this conclusory allegation. Therefore, plaintiff has not stated a right to recover under the Fourteenth Amendment.

Plaintiff also appears to bring a claim against Hutchens Law Firm, LLP for IIED. In order to prove a claim for intentional infliction of emotional distress under North Carolina law, which the parties agree applies, plaintiff must be able to demonstrate that the defendants engaged in "extreme and outrageous conduct which caused severe emotional distress." *Blakeley v. Town of Taylortown*, 233 N.C. App. 441, 448 (2014) (internal quotations omitted) (quoting *Bryant v.*

*Thalhimer Bros., Inc.*, 113 N.C. App. 1, 7 (1993). "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible grounds of decency.'" *Pierce v. Atl. Grp., Inc.*, 219 N.C. App. 19, 32 (2012) (quoting *Lorbacher v. Housing Auth.*, 127 N.C. App. 663, 676 (1997)).

Plaintiff alleges that Hutchens Law Firm engaged in aggressive debt collection tactics, and that this conduct constitutes IIED. The alleged conduct only includes thirty or fifty debt collection letters and monthly door hangers. This conduct simply does not meet the standard of outrageous and extreme. *Compare Johnson v. Sallie Mae Servicing, L.P.*, No. 4:03-3857-TER, 2007 U.S. Dist. LEXIS 112172, at *30–31 (D.S.C. Mar. 27, 2007) (denying a motion for summary judgment when defendant threatened plaintiff with harm, harassed plaintiff at all hours of the day and night, and engaged in criminal and tortious schemes and artifices). Therefore, plaintiff fails to state a claim for IIED.

## CONCLUSION

The M&R of Judge Numbers is ADOPTED in part. [DE 7]. Plaintiff's application to proceed *in forma pauperis* is GRANTED. The Clerk is DIRECTED to file the complaint. Plaintiff's Fair Housing Act claim is DISMISSED because plaintiff fails to plead sufficient facts demonstrating a plausible claim. Plaintiff's requests to amend are DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED, this the 21 day of August, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE